UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Phillip Douglas Jacobs,                         Case No. 3:23-cv-1734

        Plaintiff

     v.                                       ORDER DISMISSING COMPLAINT

Marion Correctional Institution, *et al.*,

        Defendants

In this § 1983 action, *pro so* Plaintiff Phillip Douglas Jacobs, an Ohio inmate, sues eight defendants based on conduct or conditions existing or occurring from as early as 1985 through 2023 and seeks $42 million in damages. (Doc. No. 1). As in prior cases he has filed, Plaintiff complains (among other things) that medical treatment he has received for his cardiovascular disease and multiple other conditions of his confinement violate his civil rights. In addition to his complaint, he has filed a motion to proceed i*n forma pauperis*, (Doc. No. 2), a "Motion to Submit Exhibits", (Doc. No. 3), and two "Motions to Proceed and For Injunctive Relief." (Doc. Nos. 4 and 5).

As I have advised Plaintiff previously, "[p]roceeding in forma pauperis is a privilege, not a right." *Bismillah, aka Phillip Douglas Jacobs v. Mohr*, No. 3:16-cv-1374, 2018 WL 4573268, at *2 (N.D. Ohio Sept. 24, 2018), *appeal dismissed, Jacobs v. Mohr*, No. 19-3008, 2019 WL 7425392 (6th Cir. Sept. 30, 2019).

Under the "three strikes rule," a prisoner may not bring a civil action or appeal in federal court *in forma pauperi*s if he has, on three or more prior occasions while incarcerated, brought an action or appeal in federal court that was dismissed on grounds of frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008). An exception to the three-strikes rule exists only where the prisoner shows he is "under

imminent danger of physical injury." *Id.* The imminent danger exception is "a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). To qualify for the exception, a plaintiff must plead sufficient "facts from which a court, informed by its judicial experience and common sense, could draw a reasonable inference" that he was under a real and proximate danger of serious physical injury at the time his complaint was filed. *Id.* Allegations of past dangers are insufficient. *Id.*

Plaintiff is a documented frequent, frivolous filer in federal court who has, on well more than three prior occasions while incarcerated, filed an inmate civil rights action or appeal that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim. Indeed, as I have previously noted, plaintiff has filed nearly thirty lawsuits in federal court and has been denied pauper status, or had his pauper status revoked, in at least three prior cases he has filed. *See Bismillah, aka Phillip Douglas Jacobs*, 2018 WL 4573268, at *2.

As he has in prior cases, Plaintiff contends he is in "imminent danger" to avoid dismissal under the three-strikes rule. (*See* Doc. No. 1 at 6). But his pleadings do not set forth cogent facts, consistent with notice pleading standards, indicating a basis for me to find that he was in "imminent danger of serious physical injury" at the time he filed his complaint. The "imminent danger" section of his complaint consists of a completely unclear and convoluted amalgam of complaints and grievances about his medical care and conditions of his confinement. (*See id.* at 13-19).

It appears that Plaintiff contends, as he did in at least one prior case, that he was in imminent danger at the time he filed his complaint because he was not provided proper or timely medication, or both, for his heart disease. *See, e.g., Bismillah, aka Phillip Douglas Jacobs v. Bureau of Med. Serv.s*, No. 3:18-cv-2741 (N.D. Ohio Dec. 19, 2018) (denying Plaintiff's motion to proceed *in forma pauperis* under the three-strikes rule). He complains he was forced to take medication and undergo medical treatment which he contends was harmful to him and that was subsequently discontinued by doctors at Ohio State University. (Doc. No. 1. at 13). But other than his own conclusory

2

assertions that he was in danger, he does not provide a reasonable factual basis for me to find he was actually deprived of needed medication or treatment for his heart condition, or that he faced any other real and proximate danger of injury or harm when he filed his complaint on September 5, 2023. His complaint and motions on their face make clear that he has consistently been seen and given updated prescriptions for his heart condition. (Doc. Nos. 1, 3, 4, and 5). Even if Plaintiff disagrees with the treatment or medication provided to him, I do not find he has pled facts from I may draw a reasonable inference that he was under a real and proximate danger of serious physical injury at the time his complaint was filed.

Accordingly, because Plaintiff has not demonstrated an exception to the three-strikes rule, he may not proceed *in forma pauperis* in this case. His application to proceed *in forma pauperis* is therefore denied, (Doc. No. 2), and this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). If the action is refiled, it must be accompanied by the full filing fee, and the Clerk is directed not to accept any filing from Plaintiff in a new case unless the full filing fee is paid.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this dismissal could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge